[No. 241-41124-1.    Division One—Panel 2.    December 28, 1970.]

*In the Matter of the Estate of* FERNANDE TRAVELLI, *Deceased.*
CECILE RIGAL *et al., Appellants,* v. ELIZABETH LARSON *et al.,*
*Respondents.*

*John R. Stair,* for appellants.

*Hoover, Lind & Parkhurst, Fred N. Hoover,* and *Richard S. Strong,* for respondents.

FARRIS, J.—Mrs. Travelli died on March 29, 1967. Her last will, executed on January 26, 1967, was admitted to probate on March 31, 1967. Copies of two wills dated July 6, 1960 and July 1, 1963, executed after a marriage and a divorce, a will prepared in 1964 but not executed and a letter which she intended as a holographic will, were identified as exhibits. In addition she had on one occasion conferred with a lawyer about her desire to leave one half of her estate to a sea captain who was then a friend of hers. In every instance she furnished a copy of the will to at least one of the named beneficiaries (including the will prepared in 1964 which she never executed).

She left surviving two sisters and a brother who were mentioned in her wills of 1960 and 1963 and the 1964 unex-

ecuted will; however, they were not mentioned in the holographic will nor in the will admitted to probate, both of which were prepared after she was terminally ill with cancer. The beneficiaries herein are recent friends of the testatrix. The will was prepared by their lawyer and witnessed by him and his secretary. The trial court held that there was no undue influence or coercion practiced upon the testatrix and dismissed appellants' petition for revocation of probate of the will. The appellants contend that the finding of the trial court is not supported by the evidence. They contend that: (1) the evidence demonstrates that the beneficiaries occupied a fiduciary or confidential relation to the testatrix; (2) the beneficiaries representative participated in the preparation of the will; and (3) the beneficiaries received an unusually or unnaturally large part of the estate. These conclusions, they argue, give rise to a presumption of undue influence which was not rebutted by the beneficiaries. The trial court rejected their argument and they appeal.

■ Review on appeal is limited to a determination of whether there is sufficient evidence to support the finding of the trial court or whether the trial court erred in applying the law to the facts as it found them to be. We cannot substitute our judgment. *See In re Estate of Martinson*, 29 Wn.2d 912, 190 P.2d 96 (1948).

■ The trial court found that the testatrix was mentally competent to execute the will of January 26, 1967, and that the petitioners failed to demonstrate by clear, cogent and convincing evidence that the will had been produced by undue influence or coercion. The record supports this finding.

The burden of showing undue influence is a heavy one.

[T]he influence must have destroyed the free will of the testator so that the will spoke the intent and desire of the one exerting the influence, and not the intent and desire of the testator.

*In re Estate of Martinson, supra* at 914. Here, the record

supports the court's conclusion that the will spoke the intent and desire of the testatrix. The rule is clear:

"To vitiate a will on the ground of undue influence, the evidence must show that the testator's volition at the time of the testamentary act was controlled by another, and that the will was not the result of a free exercise of judgment and choice.

*In re Estate of Soderstran,* 35 Wn.2d 448, 460, 213 P.2d 949 (1950).

There is sufficient evidence to support the finding of the trial court and we find no error in the application of the law.

Affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied February 23, 1971.

Review denied by Supreme Court March 25, 1971.